IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Continental Resources, Inc., an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | **ORDER RE CONTINENTAL'S MOTION IN LIMINE RE EVIDENCE OF COMPENSATION PAID** |
| vs. | ) ) ) | Case No. 1:18-cv-181 |
| Rick Fischer and Rosella Fisher, | ) ) | |
| Defendants. | ) | |

Plaintiff seeks to exclude <u>all</u> evidence defendants intend to offer regarding the compensation they may be owed for the disposal and storage of saltwater beneath the surface of their property. This includes: (1) <u>any</u> testimony of defendants relevant to the issue of what they may be entitled to receive as compensation; (2) <u>all</u> witness testimony and documentary evidence regarding what the State of North Dakota receives and has received in compensation for disposal of saltwater; and (3) <u>all</u> witness testimony and documentary evidence regarding what plaintiff pays or has paid in compensation for disposal of saltwater.

The court will not be ruling in advance on the evidence plaintiff seeks to exclude. The reasons include: (1) the likelihood the court will allow some of it; (2) the volume of potential evidence coupled with the fact not all of it may be offered; and (3) the possibility that some of the evidence not initially relevant may become relevant during the course of the trial.

The court will take up any objections plaintiff has to the evidence that is the subject of the motion as it is offered. Further, in certain instances, the court may allow the evidence conditionally and rule on any relevancy objections later during the course of the trial— particularly if the relevancy is dependent other evidence being proffered and admitted. If the court later decides not

to allow the jury to consider the conditionally-admitted evidence, it would then instruct the jury to disregard it.

For these reasons, plaintiff's motion in limine at Docket No. 148 is **DENIED WITHOUT PREJUDICE**.  That being said, absent plaintiff yet being able to persuade the undersigned otherwise,[1] the court is inclined at this point to allow defendants to testify at least to what they believe is fair compensation for the storage of saltwater in the subsurface of their land on a per-barrel basis.  Also, the court is inclined to allow some witness testimony (and possibly also some exhibits) evidencing what compensation the State of North Dakota receives or has received for disposal of saltwater.  The same may also be true with respect to what Continental pays or has paid for disposal of saltwater.  Finally, the court's allowance of the jury to consider the evidence may be conditioned upon the proffer and introduction of the evidence Continental has already paid Fishers with respect to the use of the surface.  The court makes these observations so the parties can prepare accordingly for the upcoming trial.

**IT IS SO ORDERED**.

Dated this 27th day of September, 2022.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[1] The court recognizes plaintiff has yet to file a reply to defendants' response to the subject motion in limine. Any additional argument that plaintiff may have can offered at trial or in a pretrial filing if it wants to alert the court in advance to what those arguments are.  .