IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Continental Resources, Inc., an Oklahoma corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Rick Fisher and Rosella Fisher,<br><br>　　　　Defendants. | **RULE 30(b)(6) DEPOSITION RULINGS AND EXCLUSION OF CERTAIN THIRD-PARTY AGREEMENTS**<br><br>Case No. 1:18-cv-181 |

　　The defendants (herein the "Fishers") have stated they intend to offer portions of the Rule 30(b)(6) deposition taken of plaintiff Continental Resources, Inc. (herein "Continental"). Continental has made a motion in limine seeking to exclude all of the Fishers' evidence relevant to the issue of compensation, including the admission of any third-party agreements for disposal of saltwater. Continental has asserted a number of grounds for why the agreements are not relevant. The court deferred ruling on Continental's objections until the time of trial.

　　In addition to the objections already made, Continental (in accordance with court's rules) has made in writing additional objections to the specific the portions of the Rule 30(b)(6) deposition that the Fishers' intend to offer.

　　In ruling on the portions of the subject Rule 30(b)(6) deposition, the court is now required to address Continental's overarching objections as well as its additional objections. Portions of the deposition testimony the Fishers intend to offer relate to a number of third-party agreements the Fishers intend to introduce into evidence. This requires the court to rule on whether it is going to allow these third-party agreements to be received.

Prior to the trial, the court excluded the Fishers' claim for compensation for loss of use of their subsurface resulting from saltwater injections that may occur in the future as well as their contention that past injections of saltwater have deprived them of use of all of their subsurface pore space that may be available for storage of saltwater or other substances. The court on both counts excluded the Fishers' evidence as being too speculative. However, the court did conclude the Fishers' could seek compensation for the use of their subsurface for storage of amounts of saltwater injected as of the date of the trial or some date close to it. The court also concluded that Fishers would have the right to bring successive actions for use of their subsurface resulting from future injections. Following these rulings, the Fishers elected to seek compensation only with respect to the saltwater injected up to the time of trial.

The only basis the Fishers's disclosed pursuant to Fed. R. Civ. P. 26(a)(1) for calculating damages was what third parties were paying or receiving for the disposal of saltwater on a per-barrel basis. Previously, the North Dakota Supreme Court ruled in response to certified questions from this court in a similar case that such evidence may be relevant in determining the amount of compensation property owners are entitled to receive for use of their subsurface for disposal and storage of saltwater.

With this background, the court rules that it will conditionally receive evidence of third-party agreements for the disposal of saltwater that provide as part of the compensation payment of a per-barrel amount of saltwater but will not initially allow Fishers to introduce or discuss agreements that do not contain a per-barrel amount of compensation. While it may be that certain of the other agreements provide for amounts intended to compensate for the use of disposal of saltwater into the subsurface, the court concludes these agreements are not sufficiently probative with respect to the

Fishers' method of calculating compensation. The court makes no ruling now, however, if Continental seeks to mention or otherwise offer these other agreements. Also, as the trial progresses, it may be that one or more of these other agreements might yet become sufficiently relevant for a limited purpose. Finally, any evidence conditionally received may be struck later if the court concludes it is not sufficiently relevant to allow the jury to consider it when it becomes time to deliberate.

With this background, attached as Exhibit A are the court's rulings in terms of what the parties designated to be presented with respect to Continental's Rule 30(b)(6) deposition. The rulings eliminate any testimony with respect to the third-party documents the court excludes over the Fishers' objections, which they have preserved. Also, in making the rulings, the court overrules the objections of the parties expressed in writing and sustains objections to certain designated testimony.

Finally, based on the precedent cited by Fishers' counsel, the court overrules Continental's objection to playing the video of the deposition.

**IT IS SO ORDERED**.

Dated this 5th day of October, 2022.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court